T.C. Summary Opinion 2002-70


UNITED STATES TAX COURT


MICHAEL WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10060-01S.          Filed June 11, 2002.


Michael White, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $2,942 and $3,654 in petitioner's Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $588 and $731.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Edgewood, New Mexico.

For each of the years in question, petitioner claimed itemized deductions on a Schedule A, Itemized Deductions, of his Federal income tax return. In the notice of deficiency, respondent disallowed all the amounts claimed as deductions for each of the years at issue for charitable contributions and miscellaneous itemized deductions, the latter consisting of unreimbursed employee business expenses. For the year 1998, other itemized deductions claimed by petitioner, although substantiated, were less than the allowable standard deduction under section 63(c); consequently, respondent allowed petitioner the standard deduction for that year. At trial, respondent conceded that petitioner substantiated an itemized deduction for home mortgage interest for 1999, and, as a result of that concession, petitioner is entitled to itemized deductions for 1999 in lieu of the standard deduction determined in the notice of deficiency.

At trial, petitioner conceded the deficiencies, challenging only the penalties under section 6662(a).  In addition to considering that issue, the Court also considers the applicability of section 6673(a) to the facts of this case.

Petitioner was gainfully employed for the 2 years at issue as a paramedic firefighter for one of the counties in New Mexico.

Prior to the years at issue, petitioner prepared his own Federal income tax returns.  For the 2 years in question, someone recommended that petitioner employ a return preparer, Robin Beltran.  The individual who recommended Mr. Beltran represented that Mr. Beltran was a "great guy", who was a "CPA", and "really knows his stuff, is willing to show you the stuff in the tax laws that show you all the loopholes, and he can certainly save you a lot of money."  Petitioner arranged to engage the services of Mr. Beltran for his 1998 Federal income tax returns and for 2 years thereafter.  For the initial year, 1998, petitioner presented to Mr. Beltran the same type documentation petitioner maintained for the years in which petitioner prepared his own returns.  That documentation appeared to be for charitable contributions and employee expenses.  Mr. Beltran advised petitioner that such records were not necessary because, irrespective of records, a taxpayer, under the law, was "allowed" certain amounts as deductions for such expenses.

The 1998 return prepared by Mr. Beltran reflected an overpayment of $3,983, an amount which surprised petitioner. He questioned Mr. Beltran about the size of the refund, as he testified at trial:

How do you get that much money back?  I haven't been getting that type of return back myself.  I don't know that much about taxes.  That's why I'm hiring you, but how does that work?  How do you do that?  Well, Mr. White, that's why you're hiring a tax professional.  That's why you come to a CPA.  Because I study this for a living.

There are loopholes that you can't find on your own that I can find for you.  Therefore, you have a larger return, and because I'm able to find those loopholes for you, you'll keep coming back to me.  And by the way, if you can refer people to me and tell them what a good job I've done for you, I'll give you a break on next year's taxes.

Mr. Beltran, you're a wonderful guy.  Thank you for your assistance.  How can I spread your name around?  Well, let me give you a stack of cards.  And of course, he gives me a stack of cards, Robin the tax man.

So I start telling other people about him and talking to other people that have used him before.  Yes.  He did the same thing for me.  He did a great job.  So that was '98, I believe.  I used him for 1999.  I used him for the year 2000.  Did not realize that there was a problem until 2001, when I got the first notice of audit, and then all alarms went off.

In spite of his reservations about the refunds for the 2 years in question, petitioner did not review the returns or ascertain what deductions claimed on the returns accounted for

such overpayments. Petitioner did not consult with any tax professionals to review the returns prepared by Mr. Beltran.[2]

The following itemized deductions (as well as others not in question) were claimed on the 1998 and 1999 tax returns prepared by Mr. Beltran:

|  | 1998 | 1999 |
|---|---|---|
| Charitable contributions | $3,704 | $4,543 |
| Unreimbursed employee expenses (before the sec. 67(a) limitation) | 9,878 | 5,517 |

Petitioner acknowledged that his actual charitable contributions were considerably less than the amounts claimed on his returns, and, although he maintained logs for his employee-related expenses, Mr. Beltran advised him, as noted above, that such records were not necessary. Petitioner did not, at trial, make any claim for a deduction for employee business expenses or charitable contributions.

When petitioner began receiving correspondence from the Internal Revenue Service questioning his 1998 and 1999 returns, he referred everything to Mr. Beltran, who promised to "take care" of the problem. However, petitioner never executed a power

---

[2] This case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions. At some point in the audit process, Mr. Beltran ceased all communications with his former clients.

of attorney designating Mr. Beltran as his representative, nor did Mr. Beltran undertake to represent petitioner with the Internal Revenue Service or otherwise assist petitioner in addressing respondent's inquiries.

Petitioner contends he should be absolved of liability for the section 6662(a) penalties because he relied on the representations of his return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". An exception applies when the

taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th

Cir. 1990), affd. 501 U.S. 868 (1991). Reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

Petitioner made no effort to ascertain the professional background and qualifications of his return preparer, Mr. Beltran. He failed to examine the returns prepared by Mr. Beltran, except to ascertain the amount of the refunds he could expect. Petitioner did not look beyond that, as he was obviously interested more in the recommendation he had received on Mr. Beltran that he was a "good guy" and "can certainly save you a lot of money." The Court is satisfied that petitioner knew that he could only claim deductions that could be substantiated, and, when his returns reflected refunds considerably higher than what he normally would have received, his failure to examine the returns or to have someone examine the returns for him to ascertain the reasons for such overpayments, constitutes negligence or disregard of rules or regulations. Petitioner consciously failed to examine the returns because he knew that the returns must have contained information that was false. With

the obvious reservations petitioner had at the time the returns were prepared, he, nevertheless, failed to ascertain from tax professionals whether his returns were correctly prepared.  These facts demonstrate to the Court that petitioner made no reasonable effort to ascertain his correct tax liability for the years at issue.  Stubblefield v. Commissioner, supra.  On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the 2 years at issue.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless.  Although petitioner conceded the deficiencies and challenged only the penalties under section 6662(a), the Court considers petitioner's claim that he should not be liable for the penalties to be frivolous and groundless.  Petitioner knew that a substantial portion of the itemized deductions at issue was false and could not be sustained.  Other circumstances noted above need not be repeated here.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes.  At trial, petitioner realized that he had no case with respect to the deficiencies but chose to continue to challenge the imposition of

the penalties under section 6662(a).  Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and petitioner knew that.  We do not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, his return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly are not sustainable.  Golub v. Commissioner, T.C. Memo. 1999-288.  Petitioner, therefore, has interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioner has caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel.  Under these circumstances, the penalty under section 6673 is warranted, and petitioner will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.